1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for IRWIN UNION BANK, F.S.B., a federal savings bank,,<br><br>    Plaintiff,<br><br>vs.<br><br>PHOENIX CASA DEL SOL, L.L.C, an Arizona corporation,<br><br>    Defendant. | No. CV 09-2556-PHX-MHM<br><br>**ORDER** |

Currently before this Court is Defendant Phoenix Casa Del Sol, LLC's Motion to Reconsider Ruling on Defendant's Motion to Dismiss Count III, IV, and V of Defendant's Complaint and for Clarification, (Dkt. #9), and Motion for Application for Entry of Default. (Dkt. #24). Also before the Court is Plaintiff Federal Deposit Insurance Corporation's Motion to Set Aside Default. (Dkt. #39). Having considered the Parties arguments and decided that oral argument is not necessary, the Court issues the following Order:

**I.    DEFENDANT'S MOTION FOR DEFAULT**

"Entry of default judgment is governed by [Federal Rule of Civil Procedure ("FRCP")] 55 and is left to the trial court's sound discretion." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default judgment pursuant to FRCP 55(b)(2). See Eitel v.

McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under FRCP 55). Factors that a district court may consider in exercising its discretion include the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72. After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). "A party seeking default judgment must state a claim upon which it may recover." See Philip Morris USA, 219 F.R.D. at 494, 501 (C.D. Cal. 2003). Furthermore, a plaintiff must prove all damages sought in the complaint. Philip Morris USA, 219 F.R.D. at 498; Fed. R. Civ. P. 55 (b)(2) ("In determining damages, a court can rely on the declarations submitted by the plaintiff.").

In its discretion, the Court will not grant default judgment in this case. Although fairly new, this case already has a long convoluted procedural history. It began as two separate causes of action in state court, one a receivership action brought by Plaintiff and the other a litigation action brought by Defendant. On December 8, 2010 Plaintiff removed this case to Federal Court. On the same day, unbeknownst to Plaintiff, the Superior Court granted a pending motion to consolidate the receivership and litigation actions, resulting in the litigation action's removal to federal court as well. Indeed, when the Parties appeared before this Court on December 15, 2008, to discuss the receivership action there was uncertainty concerning whether or not Defendant's state court action had been removed to Federal Court. Based on the removal date, it appears Plaintiff should have filed its Answer to Defendant's Complaint on December 18, 2009. Instead, it filed its answer on the December 23, 2009. Although technically late, Plaintiff avers that it informed Defendant's counsel that its Answer would be late and stated which day it intended to file its Answer, and that Defendant's counsel agreed to withhold filing an entry of default until that day.

- 2 -

Accordingly, Plaintiff argues its tardiness is, at worst, excusable neglect. Defendant denies that it ever agreed to Plaintiff's request for an extension of time.

Given that the Plaintiff's filed it answer only five days late and the lateness seems to have been the result of a misunderstanding between opposing counsel, the Court does not find that Defendant will be prejudiced by allowing this case to move forward. To the contrary, entering default judgement would contravene the strong policy underlying the FRCP favoring decisions on the merits. Accordingly, Defendant's motion is denied. McCool, 782 F.2d at 1471.

## II. DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant asks this Court to reconsider the decision of the state court to dismiss claims III, IV, and V of its Complaint. As a preliminary matter, when a case is removed, the power to reconsider follows the cause of action, such that this Court may reconsider the state court's decision. Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co., 260 U.S. 261, 267 (1922). In so doing, this Court must treat the state court's ruling with the proper respect, but not as final or conclusive. Id.

A district court may alter or amend its decision—or, in this case, the state court's decision—pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Relief under Rule 59(e) is appropriate only if: (1) "the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based'; (2) the moving party presents 'newly discovered or previously unavailable evidence'; (3) the motion is necessary to 'prevent manifest injustice'; (4) there is an 'intervening change in controlling law.'" Turner v. Burlington Northern Santa Fe R. Co., 228 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)). "Rule 59(e) . . . 'may not be used to relitigate old

1  matters, or to raise arguments or present evidence that could have been raised prior to the
2  entry of judgment.'" Exxon Shipping Co. v. Baker, 128 S.Ct. 2605, 2617 n.5 (2008)
3  (quoting 11 WRIGHT & MILLER, supra, at 127-128).

In light of the preceding considerations, the Court will not grant Defendant's motion for reconsideration. As to claims III and IV, Defendant has not explained how any of the Turner factors are implicated by the state court's decision. Instead, it merely asserts that its Complaint is not deficient. Defendant assuredly made the same argument concerning the purported sufficiency of its Complaint at state court, but it was rejected. In short, Defendant has given this Court no reason to question the judgement of the state court and, as a result, its motion to reconsideration as to claims III and IV is denied.

As to claim V, Defendant argues that reconsideration is appropriate because the state court failed to properly consider the District of Arizona case Evans v. Stinger, 518 F. Supp. 2d 1134 (D. Ariz 2007). The factual basis for this assertion appears to be a passage from the state court's order dismissing claim V, which states that "the Court agrees with the Defendant that this claim, under the facts alleged, is barred under the economic loss rule." From this statement, Defendant extrapolates that the state court must not have considered Evans because Defendant did not include Evans in its response brief. There is no basis for this claim, however, as the mere fact that the state court agreed with Defendant does not preclude the possibility that it considered Evans. Courts routinely consider the law brought forth by one side in a dispute, before siding with the other. More importantly, whether the state court did or did not consider Evans is besides the point. A state judge, interpreting state law, is not required to consider federal interpretations of state law when reaching its decision. This Court will not exercise the extraordinary power of reconsideration based merely on Defendant's unsubstantiated belief that the state court failed to properly consider a federal interpretation of state law.

Additionally, Defendant requests that this Court clarify the state court judge's rulings concerning counts III, IV, and V of its Complaint by pointing out missing elements so that an amended Complaint can be filed. Defendant's request is completely

improper and cannot be granted.  It is not the job of this Court to litigate for the Parties or provide them with advice.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion to Reconsider Ruling on Defendant's Motion to Dismiss Count III, IV, and V of Defendant's Complaint and for Clarification. (Dkt. #9).

**IT IS FURTHER ORDERED** denying Defendant's Motion for Application for Entry of Default.  (Dkt. #24).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Set Aside Default.  (Dkt. #39).

DATED this 5th day of April, 2010.

_____
Mary H. Murguia
United States District Judge