**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for IRWIN UNION BANK, F.S.B., a federal savings bank,<br><br>    Plaintiff,<br><br>vs.<br><br>PHOENIX CASA DEL SOL, L.L.C., an Arizona limited liability company; and JOHN AND JANES DOES I-X,<br><br>    Defendant. | No. 09-CV-2556-PHX-JAT<br><br>**ORDER** |

Currently before the Court is Resolute Commercial Services, LLC's (the "Receiver") Motion for Order to Show Cause Why the FDIC Should Not Be Held in Contempt. (Doc. 80.) Having reviewed the Parties' briefs, the Court issues the following Order.

**I.  BACKGROUND**

Irwin Union Bank, F.S.B. (the "Bank") sought to appoint a receiver to control and manage the Phoenix Casa Del Sol apartment complex located at 6805 North 27th Avenue, Phoenix, Arizona (the "Property"), because the owner was in default on the Bank's loan on the Property. On March 17, 2009, the Receiver was appointed as receiver of the Property. On September 18, 2009, the Federal Deposit Insurance Corporation (the "FDIC") was appointed receiver of the Bank. On December 15, 2009, a trustee's sale of the Property was completed pursuant to foreclosure proceedings. On March 3, 2011, in its Order granting the Receiver's Motion to Terminate, Receivership, Release and Exonerate the Bond, Disburse

Funds, and Approve Final Accounting, the Court approved the Receiver's final accounting and awarded attorneys' fees, expenses and costs totaling $61,243.26. (Doc 56.) The Receiver alleges that it has not received any payment from the FDIC and that despite several attempts to collect information concerning the payment date, none has been given.

## II.     LEGAL STANDARD

The Court has wide discretion in determining whether a party has defied a court order. *In re Crystal Palace Gambling Hall*, 817 F.2d 1361, 1364 (9th Cir. 1987). And the Court can hold in civil contempt a party who has disobeyed a specific and definite court order by failing to take all reasonable steps within the party's power to comply. *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993); *see also* 18 U.S.C. §401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command.").

A party's contempt does not have to be willful, and no good faith exception exists. *In re Dual-Deck*, 10 F.3d at 695. But the Court will not hold a party in contempt if the party's behavior appears to be based on a good faith and reasonable interpretation of the Court's order. *Id.* Substantial compliance with the Court's order is a defense to civil contempt, and substantial compliance "is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Id.* (internal citations omitted). Nor will the Court hold a party in contempt if the party is unable to comply with the court order. *In re Crystal Palace*, 817 F.2d at 1365.

The party alleging civil contempt has the burden of demonstrating that a violation of the court's order occurred. *In re Dual-Deck*, 10 F.3d at 695. The party asserting contempt must show it by clear and convincing evidence. *Id.*

If the Court finds a party in contempt, then it may impose sanctions against the party to ensure compliance with the Court's order or to compensate the party injured by the noncompliance. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). "Civil contempt is characterized by the court's desire to compel obedience to a court order

or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *U.S. v. Bright*, 596 F.3d 683, 695–96 (9th Cir. 2010). Generally, the Court should impose the minimum sanction necessary to secure compliance. *Id.* at 696. But the Court retains discretion to establish appropriate sanctions. *Id.*

When the Court determines the size and duration of a coercive sanction, it should consider the character and magnitude of the harm threatened by continued contempt, and the probable effectiveness of any suggested sanction in bringing about the result desired. *Whittaker Corp.*, 953 F.2d at 517. The amount of a compensatory sanction is also within the discretion of the Court. *U.S. v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980). But ordinarily the amount of a compensatory fine is the actual damage caused by a party's contumacious act. *Id.*

### III.    ANALYSIS

The FDIC correctly asserts that the Court has no authority to enforce a specific deadline by which the FDIC must pay the Receiver.[1] The FDIC correctly cites the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") as the controlling authority. 12 U.S.C. §§ 1811, *et seq.* (2011). Pursuant to FIRREA, unless otherwise provided, no court has jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver." 12 U.S.C. § 1821(d)(13)(D).

The Receiver fails to effectively dispute the applicability of FIRREA to the issue at hand. In fact, the Receiver's sole response is that the Court considered FIRREA and nevertheless ordered the FDIC to make payment "forthwith." This response is deficient for two reasons. First, the Court prefaced such Order by acknowledging that it is "unaware of any authority which allows it to set a date certain for payment." (Doc. 74 at 5.) Thus, the

---

[1] As a result, the Court finds no need to address the FDIC's contention that "the Receiver's Motion is inappropriate and unauthorized."

1  Court expressly recognized the absence of authority to mandate payment by a specific date.
2  The Receiver has not demonstrated that the Court now has the requisite authority. Second,
3  although "forthwith" implies a sense of immediacy, in no way is it specific or definite. *See*
4  *In re Dual-Deck*, 10 F.3d at 695.

5  Alternatively, case law supports the argument that the Court lacks authority to
6  mandate a payment deadline. Although, the Court has the power to adjudge in civil contempt
7  any person who willfully disobeys a specific and definite order requiring him to do or to
8  refrain from doing an act, the Court generally cannot use its contempt powers to enforce an
9  award of money. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–48 (9th Cir. 1983). The
10 Receiver has not demonstrated that exceptional circumstances exist that would justify the
11 Court's use of a procedure other than a writ of execution to enforce a money award.[2] *See*
12 *Hilao v. Estate of Marcos*, 95 F.3d 848, 855 (9th Cir. 1996).

13 Finally, the FDIC also correctly asserts that it may pay the Receiver with receiver's
14 certificates. *See Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir. 1999) (holding that "there
15 is no question that the FDIC may pay creditors with receiver's certificates instead of with
16 cash"). Therefore, the FDIC is only bound to pay the Receiver in cash insofar as it has
17 agreed to.

18 Accordingly,

19 **IT IS ORDERED** Denying the Receiver's Motion for Order to Show Cause Why the
20 FDIC Should not Be Held in Contempt (Doc. 80).

21 DATED this 12th day of December, 2011.

James A. Teilborg
United States District Judge

---

28  [2]The Parties have not addressed this issue.